**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>ROBERT E. LAW, )<br>)<br>    Defendant. ) | No. 1:03-CR-152-JCH |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Robert E. Law's "Motion for A Writ of Coram Nobis for Correction of Sentence" [Doc. #23].

### Background

On February 23, 2004, defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 (attempt to manufacture methamphetamine). He was sentenced to 235 months' imprisonment and four years of supervised release. Defendant states that on December 22, 2003, prior to his federal sentencing, "Cape County Mo. revoked probation [and sentenced him] to 2 years D.O.C. Mo. to run consecutive." Thereafter, on April 8, 2004, "Scott Co. Mo. revoked Probation [and] sentenced [him] to 9 years state to run concurrent to all other sentences"; and on April 15, 2005, "Mississippi Co. revoked probation [and] sentenced [him] to 9 years state to run concurrent with all other sentences."

In the instant motion, defendant asserts that this Court "was silent as to whether [his] sentence was going to run concurrent or consecutive to his state sentences. That being the 2 years

state sentence that was imposed before [the] federal sentence." He states that "he was unaware at the time of plea and sentencing in District Court that his sentence may be treated as consecutive the Bureau of Prisons." As such, defendant, who presently is confined at the Northeast Correctional Center, requests that he "be taken into federal custody for execution of [his] federal sentence," and that his federal sentence "be corrected and ordered to run concurrent with [his] state sentences and [that he] be given full credit on his federal sentence during the time he has spent in state custody . . . [and] for his pretrial time."

## Discussion

"A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting United States v. Morgan, 346 U.S. 502, 511-12 (1954)). It is appropriate to petition for a writ of error coram nobis where, as in the instant case, the petitioner has not begun serving the federal sentence under attack. See Hendrix v. Norris, 81 F.3d 805, 808 (8th Cir. 1996); Zabel v. United States, 829 F.2d 15, 17 (8th Cir. 1987).

Having carefully reviewed defendant's motion, the Court concludes that the circumstances at bar do not warrant the use of the extraordinary remedy of the writ of error coram nobis. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Thus, absent compelling circumstances, which the Court does not find in the present case, it is normal to conclude from a District Court's silence that it intended the consecutive running of multiple sentences. See Hendrix, 81 F.3d at 808.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Motion for A Writ of Coram Nobis for Correction of Sentence" [Doc. #23] is **DENIED**, without prejudice.

Dated this 8th day of February, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**